## UNITED ELECTRICAL, RADIO AND MACHINE WORKERS OF AMERICA v. INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS et al.

District Court, S. D. New York.
Jan. 15, 1940.

Boudin, Cohn & Glickstein, of New York City, for plaintiff.

Raymond L. Wise and Herman L. Weisman, both of New York City, for certain defendants.

Isaac Lobe Straus, of Baltimore, Md., and Delafield, Marsh, Porter & Hope, of New York City, for certain defendants.

Parker & Duryee, of New York City, for defendant National Electric Products Corp.

MANDELBAUM, District Judge.

The court has before it seven motions by the various defendants to dismiss the complaint which it will treat as one.

The defendants may be grouped for convenience into four classifications: (a) labor unions, (b) union officials, (c) installers, and (d) a manufacturer of electrical equipment. While each group of the defendants urges separate grounds for the dismissal of the complaint, essentially they are the following: (1) the court lacks jurisdiction to entertain this suit; (2) the bill of complaint fails to state a cause of action; (3) the plaintiff has no legal capacity to sue; and (4) improper venue.

The plaintiff, United Electrical Radio and Machine Workers of America, a nation-wide union, in its complaint charges the defendants with having entered into a conspiracy to: (1) deprive members of the plaintiff union and others of the right of collective bargaining as guaranteed by the National Labor Relations Act (herein-

928

after called Labor Act, 29 U.S.C.A. § 151 et seq., and (2) deprive the plaintiff of its right to act as the representative of its members and others when designated by such workers for that purpose.

First and foremost the court must be concerned with whether it has jurisdiction to entertain this suit. The chief claim of all the defendants in this connection may be stated to be, that were this court to sustain the complaint, it would result in divesting or depriving the National Labor Relations Board and the Circuit Court of Appeals of its powers and duties, to administer, enforce and effectuate the Labor Act as against violation of its provisions.

So much has already been said by the United States Supreme Court, as well as the lower courts with respect to all the phases of the Labor Act, that any further discussion on that score would be useless repetition. Suffice for the purpose of the instant motions that an employer's refusal to bargain collectively with representatives of his employees constitutes an unfair labor practice against which the Labor Board is empowered to act. 29 U.S.C.A. § 158, sub. (5).

In its complaint, the plaintiff specifically claims, among other things, that it was chosen by numerous employees in the electrical manufacturing and producing industry as their representative for collective bargaining; that the plaintiff was duly certified by the National Labor Relations Board as such on numerous occasions after dispute had arisen with respect to representation; that it is presently the duly chosen representative for collective bargaining of the majority of employees of that industry; the plaintiff's members are employed in the manufacturing end of the electrical industry, whereas the defendants are engaged in the installation phases of that industry; that the defendant unions are attempting to encroach on the manufacturing industry. It is further claimed that the defendants are compelling employers of employees or workers of the manufacturing industry who belong to the plaintiff union to engage in unfair labor practices, and to accept the defendant, International Brotherhood of Electrical Workers, as their representative for collective bargaining against their will by threat of loss of employment. In a word, the gravaman of the complaint is a conspiracy to boycott or threaten to boycott the employees belonging to the plaintiff union.

The plaintiff, in support of jurisdiction contends that the National Labor Relations Board (hereafter designated as Labor Board) does not have sufficient power to protect the right to collective bargaining in the particular situation set out in the complaint herein.

It is clear therefore that if the Labor Board is powerless to protect such rights or if having such power, the plaintiff has exhausted its administrative remedies before the Board, without redress, a resort to a suit in equity (such as the present) to enforce those rights might be proper.

■ A cursory examination of the complaint would seem to place this controversy without the purview of the Labor Act. But such impression changes upon closer study. It is elementary that the form of the action or what the pleader labels it is of little consequence. It is the substance which controls. So, with this complaint, stripped of excess verbiage and phraseology, it charges an aggravated or severe case of deprivation on the part of the defendants of the right of collective bargaining guaranteed to employees and their duly accredited representatives by the Labor Act. All the evils charged in the complaint stem from this root. So that, whether it takes shape in the form of a conspiracy, or a boycott or a threat to boycott, it appears to me that the charges against the defendants are that the plaintiff was chosen as the collective bargaining representative of its members; that the Labor Board has duly certified it as such; that the defendants and others are interfering and preventing the plaintiff through specific acts charged in the complaint from so acting.

Designating the complaint as one in conspiracy to deprive the plaintiff of certain rights guaranteed by the Labor Act does not alter the situation. Were it otherwise, it would be a relatively simple matter to circumvent the exclusive jurisdiction of the Labor Board. The court's attention has been called to a number of cases where the element of conspiracy played an integral part in the charges levelled at the defendants, yet the Board's jurisdiction was upheld. Blankenship v. Kurfman, 7 Cir., 96 F.2d 450; International Brotherhood of Teamsters, etc., et al. v. International Union et al., 106 F.2d 871, decided September 19th, 1939, Circuit Court of Appeals, 9th Circuit; Terrio et al. v. S. N. Nielsen

Construction Co. et al., 30 F.Supp. 77, decided November 2nd, 1939, United States District Court for the Eastern District of Louisiana, New Orleans Division; Levering & Garrigues Co. v. Morrin, 2 Cir., 71 F.2d 284, certiorari denied 293 U.S. 595, 55 S.Ct. 110, 79 L.Ed. 688; Levering & Garrigues Co. v. Morrin, 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 7062; Lauf et al. v. E. G. Shinner & Co. 303 U.S. 323, 58 S. Ct. 578, 82 L.Ed. 872; Lund v. Woodenware Workers Union, D.C., 19 F.Supp. 607.

Section 10(a) of the Labor Act, 29 U.S. C.A. § 160(a), states: "The Board is empowered, as hereinafter provided, to prevent *any* person from engaging in any unfair labor practice (listed in section 8 [158]) affecting commerce. *This power shall be exclusive, and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise*". (Italics by the court.)

The act further provides, that if any employer should refuse to bargain after certification by the Labor Board, it is the function and duty of the Board and the Circuit Court of Appeals to require him to do so. If he refuses he may be ordered to cease and desist and be subject to the penalties prescribed in Section 162, 29 U.S.C.A. section 12, of the Act.

From paragraph 21 of the complaint it appears that the very persons employing the members of the plaintiff union have refused to accord the plaintiff its right of collective bargaining and have joined the conspiracy with the defendant unions named together with the defendant employers. On such state of facts, the plaintiff can certainly apply to the Labor Board for relief.

The issue is basically whether the Labor Board can properly effectuate the plaintiff's right to collective bargaining. Congress has created this Board for such very purpose and has vested in them such power exclusively. In Blankenship v. Kurfman, supra, the court said, 96 F.2d page 454: "* * * And we find no provision in the act which can be construed as intending to create rights for employees which can be enforced in federal courts independently of action by the National Labor Relations Board".

I have considered the proposition advanced by the plaintiff that it has exhausted its remedies before the Board and find it without merit. It is alleged that the plaintiff was duly certified as the proper collective bargaining agent or representative but that in spite of such certification, the defendants have conspired to boycott the plaintiff's employees and prevent the plaintiff from acting as the bargaining representative of its members. It nowhere appears that an attempt was made by an appropriate proceeding before the Board to enforce this order of certification as provided by the Labor Act, 29 U.S.C.A. § 160b. It is obvious that there cannot be an exhaustion of remedies where no attempt has been made to obtain relief. The Supreme Court has said that "The contention is at war with the long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted". Myers v. Bethlehem Shipping Corporation, 303 U.S. 41, pages 50, 51, 58 S.Ct. 459, page 463, 82 L.Ed. 638.

While not decisive of any of the issues herein presented, in passing, it may be noted that the United States Supreme Court in three very recent cases has once more indicated the broad powers enjoyed by the Labor Board under the provisions of the National Labor Relations Act. American Federation of Labor et al. v. National Labor 'Relations Board, 60 S.Ct. 300, 84 L.Ed. ——; National Labor Relations Board v. Falk Co., 60 S.Ct. 307, 84 L.Ed. ——; and National Labor Relations Board v. International Brotherhood of Electrical Workers, etc., 60 S.Ct. 306, 84 L.Ed. ——, all decided January 2nd, 1940.

In view of the foregoing determination, I find no necessity for considering whether the provisions of the Morris-LaGuardia Act, 29 U.S.C.A. §§ 101–115, are applicable to the case at bar nor any of the other contentions raised by defendants in urging the dismissal of this complaint.

All in all, I am of the opinion that (1) the National Labor Relations Board has exclusive jurisdiction of the controversy herein, there being no concurrent jurisdiction vested in this court with the Labor Board over the ways and means to effectuate and protect the collective bargaining of the employees, and (2) that the plaintiff has not exhausted its remedies before the Labor Board.

The complaint is accordingly dismissed and the plaintiff is relegated to an appropriate proceeding before the National Labor Relations Board.