**INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 835, A. F. OF L., v. SCHAUFFLER.**

Civ. No. 6972.

District Court, E. D. Pennsylvania.

March 6, 1947.

Edward Davis, of Philadelphia, Pa., for plaintiff.

Helen F. Humphrey, of Washington, D. C., for defendant.

McGRANERY, District Judge.

In the above-entitled matter, plaintiff union, International Union of Operating Engineers, Local 835, affiliated with the American Federation of Labor, seeks a preliminary injunction against Bennet F. Schauffler, Regional Director for the Fourth Region of the National Labor Relations Board, restraining the Board from holding a hearing originally scheduled for Monday, February 17, 1947. Defendant has moved to dismiss plaintiff's complaint.

In November, plaintiff union filed with the Pennsylvania Labor Relations Board a petition for investigation and certification of six power house employees of the Norristown Magnesia and Asbestos Company. Later in November, another union, the Textile Workers Union of America, affiliated with the Congress of Industrial Organizations, filed a similar petition with the Regional National Labor Relations Board. In December, the Congress of Industrial Organizations' union sought to restrain by injunctive process in this Court (Civil Action 6654) the State Board from holding hearings in the matter. That case has been placed on the March trial list. Meanwhile, the State Labor Relations Board voluntarily agreed to postpone its hearing pending the outcome of that action.

Plaintiff union avers that if the Regional Director for the Fourth Region of the National Labor Relations Board proceeds with the hearing, plaintiff will be deprived of its opportunity to be heard before the State

Board, and in effect states that plaintiff would prefer having the matter determined by the State Board. So, the question involved is, can the plaintiff choose his forum as between the State Board and the National Labor Relations Board? In the instant case the National Labor Relations Board is prepared to go forward with its hearing. As a matter of fact, it voluntarily postponed its hearing pending decision in the matter before this Court.

Plaintiff union fails to aver any irreparable injury resulting from the holding of hearings by the Regional Board of the National Labor Relations Board and certainly the holding of a hearing by the National Labor Relations Board would not cause such injury as would entitle it to injunctive relief. Plaintiff's complaint is purely speculative. The cases cited in the memorandum in support of the motion to dismiss the complaint in regard to this filed by the National Labor Relations Board are numerous and clear.

Therefore, the motion to dismiss the complaint in the above-entitled case is hereby granted, and this action by this Court will not be construed to have any bearing on the question of jurisdiction which this Court is not required to pass upon at this time.