**FITZGERALD et al. v. DOUDS et al.**

Civ. 44–786.

District Court, S. D. New York.

Feb. 19, 1948.

David Scribner, Arthur Kinoy, and Seymour Linfield, all of New York City, for plaintiffs.

Paul S. Kuelthau, of New York City, for National Labor Relations Board.

MEDINA, District Judge.

The first of the motions to be considered is a motion by plaintiffs for a preliminary injunction and the continuance of the stay issued against the Regional Director of National Labor Relations Board, in connection with a proceeding entitled, "In the Matter of Westinghouse Electric Corporation—Lamp Division, and Association of Technical and Professional Employees; Westinghouse Electric Corporation (Lamp Division) and Association of Engineers in the Bloomfield N. J. Plant of the Westinghouse Electric Corporation (Case Nos. 2–R–7713 and 2–RC–160, respectively), scheduled for February 16, 1948 in the City of New York." The status of the matter when the order to show cause was signed was that a notice of hearing had been signed on petitions filed by other organizations than those of which the plaintiffs are representatives, and proceedings at the hearing had commenced.

Plaintiffs' contention centers around a national agreement between Westinghouse Electric Corporation and United Electrical, Radio & Machine Workers of America, dated April 1, 1947, and alleged to be still in full force and effect.

It is asserted that by reason of the provisions of Section 103 of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 159 note, the National Labor Relations Board is wholly without power to proceed by way of hearing or otherwise in this matter because of the existence of the contract just referred to. Section 103 reads: "No provisions of this title shall affect any certification of representatives or any determination as to the appropriate collective-bargaining unit, which was made under section 9 of the National Labor Relations Act prior to the effective date of this title until one year after the date of such certification or if, in respect of any such certification, a collective-bargaining contract was entered into prior to the effective date of this title, until the end of

the contract period or until one year after such date, whichever first occurs.".

This Section 103 forms part of a group of three sections (Sections 102, 103, and 104, 29 U.S.C.A. §§ 158, 159, 151, 153 notes) which are introduced by the heading "Effective Date of Certain Changes."

On the face of the matter it seems reasonably plain that none of these sections was intended to define the jurisdiction of the National Labor Relations Board. A pamphlet of the Bureau of National Affairs entitled, "The New Labor Law," issued shortly after the new law took effect, has the following comment on Section 103:

"Protection for Existing Certification. Section 103 serves notice that certificates issued before the effective date of the new law will be protected up to the end of one year after the certification if no contract followed. If a contract was entered into, the protection lasts until the expiration of the contract, or one year from the effective date of the law, whichever comes earlier. Thereafter bargaining agents will be subject to decertification petitions pursuant to Section 9(C) (1), under the new rules as appropriate bargaining units apply.

"It may be inferred that representation cases already filed and in which no certification was issued before the effective date of the new law will be subject to determination under the new rules."

The House Conference Report, No. 510, on H.R.3020 States: "Section 103 of the Senate Amendment provided that the amended Act should not affect any certification of representatives or determination as to appropriate collective-bargaining units made under existing law until 1 year after the date of certification or (if in respect of the certification a collective-bargaining contract was entered into prior to the Bill's enactment) until the end of the contract period or until one year after the date of enactment, whichever first occurred."

There is nothing in Section 103 or in the comments relative thereto above quoted which would seem to give the slightest support to the contention that the provisions of that section were intended to affect the jurisdiction of the National Labor Relations Board. On the contrary, the provisions would seem to have the same effect as numerous other provisions of the statute which indicate rules for the guidance of the Board in the making of its various determinations and decisions.

This conclusion finds further support in the general scheme of the statute which seems not to contemplate interference by the District Courts by way of review or otherwise in connection with the normal proceedings of the Board. It would be strange indeed if, prior to such time as the Board made any decision or determination and when it was doing no more than starting a hearing to inquire into the facts, a litigant, fearful that the Board might in the end reach a conclusion detrimental to his interests, could hamstring the entire proceeding by an application to the District Court for an injunction.

In the course of the argument counsel for plaintiffs urged that any interpretation of Section 103 other than that for which he contended would amount to an impairment of contract in violation of the United States Constitution. This contention is duly noted and rejected.

The motion for an injunction and for the continuance of the stay is denied.

By cross-motion the defendants moved to dismiss. For the reasons above stated the motion to dismiss is granted.