FOOD DRIVERS, SALESMEN, DAIRY & ICE CREAM WORKERS, INTERNATIONAL TEAMSTERS UNION, LOCAL NO. 463, A. F. OF L. v. SCHAUFFLER.

Civ. No. 8281.

District Court, E. D. Pennsylvania.
March 31, 1948.

Edward Davis, of Philadelphia, Pa., for plaintiff.

Helen F. Humphrey, National Labor Relations Board, of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Plaintiff, Food Drivers, Salesmen, Dairy and Ice Cream Workers, International Teamsters Union, Local No. 463, A.F. of L., seeks to restrain Bennet F. Schauffler, Regional Director for the Fourth Region of the National Labor Relations Board, from conducting an election in accordance with a Direction of the National Board. Plaintiff Union contends that the Board is acting unlawfully and that its action threatens plaintiff with irreparable injury for which it has no adequate remedy at law.

Briefly, the facts as alleged in the complaint are these. The salesmen involved in the instant case are employees of Kraft Foods Company, Philadelphia branch, which is engaged in interstate commerce. Plaintiff Union has been the exclusive bargaining agent of Kraft's salesmen since 1942. After the expiration of the most recent collective bargaining contract in the summer of 1947, negotiations were begun for a new contract. Oral agreement on terms was reached on August 19, 1947. On September 12, 1947, a petition was filed with the Board by seventeen salesmen, or over 70% of the membership, stating that they no longer desired to be represented by the Union. On September 17, the oral agreement of Kraft Foods Company and the Union was reduced to writing, made retroactive to August 15, 1947, and signed. Section 9(c) (1) (A) (ii) of the Labor Management Relations Act, 1947, amends the National Labor Relations Act to provide for the filing of a petition which asserts "that the individual or labor organization, which has been certified or is being currently recognized by their employer as the bargaining representative, is no longer a representative as defined in Section 9(a)." The effective date of this amendment, by the terms of the Labor Management Act (Sec. 104), was August 23, 1947, 29 U.S. C.A. § 151 note, subsequent to the oral agreement in the instant case, but prior to its reduction to writing and signing. The original petition by the seventeen salesmen was amended subsequent to the signing of the collective bargaining agreement and filed on a form prescribed by the Board for decertification cases. After a hearing upon the amended petition in Philadelphia on October 24, 1947, the Board, over the objections of plaintiff Union, found that a question affecting commerce existed concerning the representation of employees of Kraft Foods Company and, as part of the investigation to ascertain representatives, directed that an election by secret ballot be held. It is that election which plaintiff seeks to enjoin, claiming that the action of the Board is unlawful. In support of its position, it argues that the contract between the Company and the Union was reached prior to August 23, 1947, the effective date of the decertification provision of the amended Labor Act, and that to allow that section to destroy its contract is unconstitutional. It also contends in the alternative that the effective petition for decertification in the instant case was not filed until October 1, 1947, after the collective bargaining agreement was reduced to writing, and that under the Board's own rules, an outstanding agreement should bar the election. It further claims that the Board is misconstruing the decertification provision of the amended Act and that the procedure is meant to be applied only where a bargaining representative is no longer in existence or is defunct. Finally, it contends that the Act is unconstitutional because it allows an individual, or a group of individuals, to file a petition without fulfilling the requirements that a Union must meet in order to take advantage of the Board's machinery.

The Board has filed a motion to dismiss, claiming that the court has no jurisdiction to review a representation proceeding, that the complaint fails to show the threat of irreparable injury, that plaintiff has failed to exhaust its administrative remedies, and that indispensable parties to the action are lacking. At the argument on the motion to dismiss, it was agreed that no further hearing on plaintiff's motion for a preliminary injunction would be needed and that, if the motion to dismiss were denied, plaintiff's Exhibits would provide an adequate record for determination of his motion.

The Board presses most emphatically its contention that this court is without jurisdiction to review this proceeding. The question of whether the statutory review provisions of the original National Labor Relations Act, 29 U.S.C.A. §§ 159, 160, deprived the district courts of some portion of their original jurisdiction has been specifically left open by the Supreme Court. See A.F. of L. v. Labor Board, 308 U.S. 401, 412, 60 S.Ct. 300, 84 L.Ed. 347; Inland Empire Council v. Millis, 325 U.S. 697, 700, 65 S.Ct. 1316, 89 L.Ed. 1877. The lower courts have been sharply divided on the issue (see cases collected in Madden v. Brotherhood & Union of Transit Employees, 4 Cir., 147 F.2d 439, 158 A.L.R. 1339) and there has been no definite resolution of the problem by the Circuit Court of Appeals

for this Circuit. Cf. Sun Ship Employees Assn. v. National Labor Relations Board, 3 Cir., 139 F.2d 744. With the law thus undetermined, were it necessary to directly rule on the question of jurisdiction in the instant case, I would hesitate to decide that it exists. The possibilities of injuring the collective bargaining process inherent in allowing review of certification proceedings before the Board has entered any final order are impressive. See Madden v. Brotherhood and Union of Transit Employees, 4 Cir., 147 F.2d 439, 444. These practical considerations have been recently underlined in the passage of the Labor-Management Relations Act, 1947, which created the decertification procedure at issue. The original House bill made it possible for employees and labor organizations, as well as employers, to obtain court review of certifications by the Board, and enabled employers to obtain such review without going through an unfair practice case. The final bill omitted this provision, probably for the reasons of policy expressed in the House Minority Report No. 245 on H.R. 3020, at p. 94:

" * * * If this proposal is enacted into law it would have serious adverse consequences on collective bargaining. It is conservatively estimated that 1 year would be the average time necessary to obtain court review of a Board certification. The same findings would be reviewable twice: First, under the proposed amendment and, second, through later or simultaneous section 8(5) proceedings under the act if the employer refused to bargain. Delay would be piled upon delay, during which time collective bargaining would be suspended pending determination of the status of the bargaining agent. Such delays can only result in industrial strife.

"The encouragement of litigation at the certification stage of Board proceedings would have a second serious objection. A large proportion of the National Labor Relations Board's elections are conducted by the consent of all parties. If review were made easier through intermediate proceedings parties who desired delay would be greatly stimulated to force the Board to conduct hearings."

These considerations, while not controlling of course, are relevant in determining whether the statutory review provisions of the National Labor Relations Act, originally and as amended, have diminished the jurisdiction of the district courts. It should also be pointed out, however, on the issue of jurisdiction that it is at least possible that the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., might be determinative; i. e., that the Act provides a remedy where none existed before. Cf. United States ex rel. Trinler v. Carusi, 3 Cir., 166 F.2d 457.

However, upon the facts as alleged in the complaint, I do not feel that it is necessary to pass upon the general question of jurisdiction, for the necessary prerequisites to an action in equity are not met. Cf. International Union of Operating Engineers v. Schauffler, D.C., 70 F.Supp. 868. The action complained of is the unlawful holding of an election, which may result in the decertification of plaintiff Union. "The order herein sought to be reviewed does not of itself adversely affect plaintiff union except perhaps to put it into a state of apprehension." See Klein v. Herrick, D.C., 41 F.Supp. 417, 423. The action, therefore, is premature. Cf. J. F. Quest Foundry Co. v. International Molders and F. Workers Union, 216 Minn. 436, 13 N.W.2d 32; Northrop Corp. v. Madden, D.C., 30 F. Supp. 993. In all three of the cited cases, an election was ordered while a collective bargaining agreement was in force, yet injunctive relief was denied. Cf. also Fitzgerald v. Douds, 76 F.Supp. 597. Moreover, it is doubtful whether even a decertification as a result of the election inflicts the kind of injury for which equity affords relief. It has been pointed out, in the reverse situation, that an order of certification "is in fact not an order at all, but simply the certification of a fact which may be entirely ignored and disregarded * * * The Company may go on with impunity bargaining with the Association just as though no certification had been made." See United Employees Assn. v. National Labor Relations Board, 3 Cir., 96 F.2d 875, 876. Whether the employer in the instant case would attempt to or could repudiate

1018

or revise its agreement with plaintiff Union, is a matter that need not be decided now, in advance of the election. Should decertification result, however, it would be relevant to the question of whether there was a real threat at all of injury cognizable in equity.

It is unnecessary to deal with defendant's other contentions. An order granting defendant's motion to dismiss will be entered in accordance with this opinion.