PHILIP DAVIS et al., Respondents, *v.* AUSTIN HOGAN, as President of Transport Workers Union of America, Local 100, C.I.O., et al., Defendants, and THIRD AVENUE TRANSIT CORPORATION, Appellant.

First Department, June 1, 1948.

*Milton E. Mermelstein* of counsel (*Leroy C. Curtis* with him on the brief; *Gordon, Brady & Keller,* attorneys), for appellant.

*Godfrey P. Schmidt* for Philip Davis, respondent.

PECK, P. J.  The complaint alleges that plaintiff was a member of defendant union and an employee of defendant corporation until his expulsion from the union and consequent discharge by the corporation on or about September 1, 1944; that the

expulsion was unlawful, having been made without notice, trial or fair hearing, and has caused plaintiff loss of employment and deprived him of the opportunity to earn a livelihood; that the collective bargaining agreement between the corporation and the union contains a clause previding for continuance of service without interruption by members of the union and that in violation of said agreement the union planned or led demonstrations threatening work stoppage if plaintiff was permitted to work, and the corporation, instead of making efforts to invoke the provisions of the agreement for the purpose of avoiding threatened interruptions, unlawfully refused to permit plaintiff to work and such refusal constituted an improper discharge; that by discharging plaintiff the corporation required and continues to require its employees, as a condition of employment, to refrain from joining or assisting a labor organization of their own choosing, as the State Labor Relations Board found in a certain decision of February 19, 1946; that the effect of the joint and several actions of the corporation and the union constitutes a violation of plaintiff's rights under the Federal and State Constitutions and statutes, and is causing and will continue to cause plaintiff irreparable injury. Plaintiff demands judgment adjudging the expulsion void and mandating plaintiff's reinstatement both to good standing in the union and to employment by the corporation.

As we are concerned on this appeal only with an order entered on a motion addressed to the complaint by defendant corporation, we need not consider the cause of action alleged against the union. The question on the motion and order is whether the complaint states a cause of action against the corporation, and if it does, whether the corporation is still entitled to a dismissal, under rule 107 of the Rules of Civil Practice, on the ground that the court does not have jurisdiction of the subject matter of the action or that there is an existing final judgment of a court of competent jurisdiction rendered on the merits determining the same cause of action between the parties.

The basis of the motion under rule 107 is a prior proceeding before the State Labor Relations Board, on a similar complaint filed by the plaintiff with that body, resulting in its decision that it would not direct the reinstatement of plaintiff because to do so would not effectuate the policies of the State Labor Relations Act. As no appeal was taken from the order of the board or judicial review sought by the only means permitted by the act,

appellant contends that the determination of the board is conclusive and this action may not be maintained. The decision of the board is referred to in the complaint, so we may give it due recognition on the motion addressed to the sufficiency of the complaint. It will be unnecessary, therefore, to rule on the other aspects of appellant's motion.

We may note from the decision of the board the salient facts behind plaintiff's expulsion from the union and dismissal by the corporation and the board's determination. It appears that the collective bargaining agreement between the union and the corporation was to expire on September 30, 1944, and that in anticipation of the expiration, plaintiff, while a member of the executive board of defendant union, ceased reporting for work with the corporation and engaged in activities in behalf of District 50, United Mine Workers of America, Railroad Division, for the purpose of supplanting defendant union with district 50 as the collective bargaining representative of the corporation's employees. In the course of such activities, prior to an election held between defendant union and district 50, plaintiff threatened fellow workers with loss of their jobs and seniority rights. Defendant union won the election and some of its members then engaged in demonstrations against the return to work of plaintiff and threatened immediate work stoppage if plaintiff was permitted to work. Failing to obtain assurance from the union that no work stoppage would result if plaintiff was permitted to return to work, the corporation advised plaintiff that it could not permit him to work.

The board found that the defendant corporation, by discharging Davis and refusing to reinstate him, required its employees, as a condition of employment, to refrain from joining or assisting a labor organization of their own choosing, and discouraged membership in a labor organization of its employees' own choosing, in violation of subdivisions 4 and 5 of section 704 of the Labor Law, and the board directed the corporation to cease and desist from its violations, but refused to direct the reinstatement of Davis because of his conduct.

Plaintiff would have no common-law action against appellant for his discharge. There was no contract with him individually and no collective contract by which defendant was obliged to employ him. The only extent to which it is suggested that plaintiff has a third-party beneficiary claim under the collective bargaining agreement between the union and the

corporation is that the corporation did not insist upon the union living up to its commitment not to engage in work stoppages. We cannot translate that duty which the union owed the corporation into a duty owed by the corporation to the plaintiff to retain plaintiff in its employ at the risk of suffering a work stoppage.

Any claim plaintiff has against the corporation, therefore, is of statutory creation under the Labor Relations Act. If the corporation engaged in an unfair labor practice against plaintiff under the act, plaintiff had his recourse under the act. He resorted to the procedure provided and instituted the kind of proceeding contemplated by the act. While successful in maintaining his claim of a violation of the act by the corporation, the evidence before the board revealed his own misconduct so that the board concluded he was not entitled to reinstatement. If he felt aggrieved by that decision, he should have appealed to the court, as he was entitled to do. He failed to avail himself of the legal remedy.

The pattern of the law for cases of unfair labor practices is symmetrical and complete from its definition of legal rights and obligations to the means provided for their enforcement. The board is charged with a quasi-judicial responsibility of hearing the evidence, determining the facts and ordering the remedy to effectuate the policies of the act. Resort to the courts may be had by the way of orderly review provided by the act. It was not intended, nor is it permissible, for an employee to institute an action based on an unfair labor practice under the act in the Supreme Court, either in the first instance or by later attempt to evade a decision of the board and avoid a regular judicial review. Plaintiff acknowledges as much but suggests that his present claim is based not on a violation of the New York State Labor Relations Act but upon a violation of " due process ". Neither his complaint nor brief, however, indicates wherein any action of defendant corporation, as distinguished from defendant union, was violative of due process or violative of any law other than the Labor Relations Act. While the complaint states that the effect of the joint and several actions of the corporation and the union constitutes a violation of plaintiff's rights under the Federal and State Constitutions and statutes, the only specification is that plaintiff was expelled from the union without notice or trial. The complaint otherwise makes it quite clear, both in alleging that by discharg-

ing plaintiff the corporation required its employees, as a condition of employment, to refrain from joining or assisting a labor organization of their own choosing, and in referring to the decision of the Labor Board, that his claim is based on rights stemming from the State Labor Relations Act. These rights may not be asserted in this way. The complaint does not state a cause of action.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant and the complaint dismissed.

GLENNON, DORE, VAN VOORHIS and SHIENTAG, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the complaint dismissed. Settle order on notice.