JOSE ALONZO et al., Plaintiffs, *v.* INDUSTRIAL CONTAINER CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, December 20, 1948.

*Harry Rodwin, James L. Goldwater* and *Richard M. Goldwater* for Industrial Container Corporation and another, defendants.

*Victor Rabinowitz* and *Belle Seligman* for plaintiffs.

PECORA, J. Plaintiffs sue upon allegations that the various defendants conspired to deprive the individual plaintiffs (all members of Local 65, C.I.O.) of their employment as production workers of defendant, Industrial Container Corporation and to deprive Local 65, C.I.O., of its right to represent plaintiffs as collective bargaining agent. Plaintiffs pray that the individual plaintiffs be granted reinstatement to their former positions with the company, that defendants be restrained from interfering with individual plaintiffs' right to form, join or refuse to join any labor organization of their own choosing and that defendant be restrained from discriminating against plaintiffs in connection with working conditions and tenure of employment because of membership in Local 65, C.I.O. In addition, damages are sought.

Motion is made by defendants, Industrial Container Corporation and Eugene Bernstein, to dismiss the complaint pursuant to subdivision 2 of rule 107 of the Rules of Civil Practice on the ground that this court does not have jurisdiction of the subject of the action, and pursuant to subdivision 5 of rule 106 on the ground of insufficiency.

The motion under subdivision 2 of rule 107 is granted on the ground that the National Labor Relations Board has exclusive jurisdiction of the subject matter of this action. Section 101 of the Labor Management Relations Act, 1947 (amdg. National Labor Relations Act, § 10, subd. [a]; U. S. Code, tit. 29, § 160, subd. [a]), gives the National Labor Relations Board the power " to prevent any person from engaging in any unfair labor practice * * * affecting commerce." In fact, in recognition of this power the individual employees on February 12, 1948, filed a charge with the regional office of the national board in New York City. This charge has not been dismissed or withdrawn, and is still pending before the board. The complaint herein, to all intents and purposes, in alleging a conspiracy, is an obvious attempt to secure a determination of the charges of unfair labor practices made to the National Labor Relations Board.

Exclusive jurisdiction has been given to the board to deal with unfair labor practices, and the courts both Federal and State may not interfere with that jurisdiction. (*Amazon Cotton Mill Co.* v. *Textile Workers Union,* 167 F. 2d 183 [C.C.A. 4th]; *Fitzgerald* v. *Douds,* 76 F. Supp. 597, affd. 167 F. 2d 714 [C.C.A. 2d]; *International Longshoremen's & Warehousemen's Union* v. *Sunset Line & Twine Co.,* 77 F. Supp. 119; *Davis* v. *Hogan,* 273 App. Div. 745.)

Garbing the allegations in the form of an alleged conspiracy to commit unfair labor practices does not change the essential nature of the cause and cannot avail to divest the national board of its jurisdiction (*United Elec. Radio & Mach. Workers* v. *International Brotherhood of Elec. Workers,* 115 F. 2d 488 [C.C.A. 2d], affg. 30 F. Supp. 927). The use of the word " conspiracy " in a complaint does not create any new cause of action (*Friedman* v. *Roseth Corp.,* 270 App. Div. 988, affd. 297 N. Y. 495; *Labow* v. *Para-Ti Corp.,* 272 App. Div. 890).

Thus the complaint must be considered as only alleging a series of charges that defendant Industrial Container Corporation has committed unfair labor practices in violation of section 101 of the Labor Management Relations Act, 1947 (amdg. National Labor Relations Act, §§ 7, 8; U. S. Code, tit. 29, §§ 157, 158). This court, therefore, does not have jurisdiction of the subject matter of the action, and the complaint is accordingly dismissed. Settle order.