**MECHANICS EDUCATIONAL SOC. OF AMERICA et al. v. SCHAUFFLER.**

No. 13157.

United States District Court
E. D. Pennsylvania.

Feb. 5, 1952.

Joseph Brandschain, Philadelphia, Pa., for plaintiffs.

Ramey Donovan, Chief Law Officer, National Labor Relations Board, Philadelphia, Pa., for defendant.

GRIM, District Judge.

This case having come on to be heard on January 14, 1952, on plaintiff's motion for a temporary restraining order, and the Court having considered the pleadings and exhibits and affidavits attached thereto, and having heard argument of counsel, the Court makes the following Findings of Fact and Conclusions of Law.

Findings of Fact.

1. The plaintiffs consist of a national and local labor organization known as the Mechanics Educational Society of America (hereafter called the "M.E.S.A.") together with certain national and local officers thereof. The defendant is the Regional Director of the National Labor Relations Board for the Fourth Region.

2. The United Gas, Coke and Chemical Workers of America, CIO, filed a petition with defendant, pursuant to Section 9 (c) of the National Labor Relations Act, 61 Stat. 136, 29 U.S.C.A. § 151 et seq., asking for an election among the employees of the National Lead Company, Atlantic

Division, Perth Amboy, New Jersey, for the purpose of determining a collective bargaining representative in an appropriate unit. Local 22 of M.E.S.A. as well as other interested parties intervened in the proceeding and participated in hearings which were conducted by a representative of the National Labor Relations Board on August 30, 1951.

3. During the hearing, all the parties, including Local 22 of M.E.S.A., agreed upon a unit as being appropriate consisting of the production, maintenance, plant clerical, and office clerical employees at the employer's Perth Amboy, New Jersey, plant. This unit was the same as that established by contract by M.E.S.A. and the employer.

4. The National Labor Relations Board in a Decision and Direction of Election, dated December 27, 1951, ordered an election but found the appropriate unit to be different from that agreed upon by the parties. In addition to excluding supervisors, guards and professional employees, the Board found that petitioner had not made an adequate showing of interest among the office clerical employees to include them within the appropriate unit. Accordingly, following customary policy, the Board included the plant clerical employees but excluded the office clerical employees in the appropriate unit.

5. Plaintiffs brought this action against defendant to enjoin him from complying with the Direction of Election issued by the Board in this matter. The complaint and application for temporary restraining order and injunction alleged that had the agreement as to the appropriateness of the unit not been reached at the hearing, Local 22 of the M.E.S.A. would have offered relevant testimony as to the appropriateness of the unit which was agreed upon, and that the effect of the change in the unit after agreement deprived Local 22 of a right to a hearing under Section 9(c) of the National Labor Relations Act, and the due process clause of the 5th Amendment of the Constitution of the United States.

6. At the hearing on January 14, 1952, on the motion for a temporary restraining order, defendant urged that no constitu-tional question was presented and that this Court was without jurisdiction of the subject matter of the action.

### Conclusions of Law.

The complaint does not present a substantial constitutional question, but merely the legal issue of whether the Board's unit determination was valid and proper. Constitutional questions aside, a federal district court is without jurisdiction, at the suit of a labor organization, to review Board action in a representation proceeding, even though an error of law is alleged. By virtue of the exclusive procedure prescribed in Section 10(e) and (f) and Section 9(d) of the National Labor Relations Act, the action complained of is reviewable only by the appropriate United States Court of Appeals, and then only in accordance with the procedure provided in the Act.