LOCAL UNION NO. 492 BAKERY AND CONFECTIONERY WORKERS' INTERNATIONAL UNION OF AMERICA

and

Henry Alvino, Plaintiffs,

v.

Bennet F. SCHAUFFLER, Individually and as Regional Director of the National Labor Relations Board, Fourth Region, Respondent,

American Bakery and Confectionery Workers' International Union, AFL–CIO,

and

Local No. 492, American Bakery and Confectionery Workers' International Union, AFL–CIO, Intervenors.

No. 24663.

United States District Court
E. D. Pennsylvania.
May 15, 1958.

John Patrick Walsh, John L. Larkin, Philadelphia, Pa., James H. Heller, John V. Long, Washington, D. C., for plaintiffs.

David C. Sachs, Melvin Pollack, NLRB, Washington, D. C., for respondent.

Edward Davis, Philadelphia, Pa., Stephen I. Schlossberg, Washington, D. C., for intervenors.

VAN DUSEN, District Judge.

This action, seeking a declaratory judgment and a preliminary injunction, was brought on May 12, 1958, by Local Union No. 492 Bakery and Confectionery Workers' International Union of America and Henry Alvino, Special Trustee of said Union, against Bennet F. Schauffler, individually and as Regional Director of the National Labor Relations Board, Fourth Region. American Bakery and Confectionery Workers' International Union, AFL–CIO, and Local No. 492, American Bakery and Confectionery Workers' International Union, AFL–CIO, have intervened in the action and the latter will hereinafter be referred to as "intervening Local 492." Respondent Schauffler has filed a motion to dismiss the action.

Plaintiff Local entered into a contract with the Great Atlantic & Pacific Tea Company dated March 11, 1957, in its capacity as bargaining agent for the employees of that company at its Philadelphia bakery, whose number averages between 230 and 260. This contract is for the period from 1/1/57 to 10/1/58 "and shall continue thereafter until a new agreement has been signed."

On December 9, 1957, the AFL–CIO Convention voted for expulsion of Bakery & Confectionery Workers' International Union of America.[1] On December 11,

---

1. The decision of the National Labor Relations Board in this matter (see pages 3 and 4 below), placed in the record by plaintiffs, states that the expulsion was "on grounds of corruption" (see page 2 of Exhibit P–1).

1957, there was a general membership meeting of plaintiff Local, called by its officers, at which those present[2] unanimously adopted a resolution disaffiliating from Bakery and Confectionery Workers' International Union of America and from its Local 492 and directing all officers to retain their offices, protect the locals' assets, and apply to an international union about to be organized, American Bakery and Confectionery Workers' International Union, AFL–CIO. The American Bakery & Confectionery Workers' International Union, AFL–CIO, was chartered on December 12, 1957, and it granted a charter to the above-named officers as its Local 492. Some of plaintiff Local's members have remained loyal to it, but most of them have joined intervening Local 492.

Plaintiff Local's International Union, on December 17, 1957, appointed plaintiff Alvino as Special Trustee of plaintiff Local and relieved the Local officers of their duties. A preliminary injunction dated January 20, 1958, was granted by Common Pleas Court No. 1, Philadelphia County, and restrained the officers of intervening Local 492 from transferring, distributing or otherwise disposing of all assets of intervening Local 492 as of January 2, 1958 (see Exhibit P–2). No final hearing has been held in the above state court action.[3]

On or about January 22, 1958, intervening Local 492 filed a petition under 29 U.S.C.A. § 159, seeking certification as the collective bargaining representative of the production and maintenance employees of The Great Atlantic and Pacific Tea Company's bakery at Ridge Avenue and Sedgely Street, Philadelphia, Pa. It requested recognition as the successor union to the plaintiff and, in the alternative, requested an immediate election to determine the collective bargaining representative of the above group of employees.

A hearing was held on this petition on February 13 and 14, 1958, at which plaintiffs and intervening Local 492 were represented by counsel. On April 28, 1958, the National Labor Relations Board issued a Decision and Direction of Election in this matter (Case No. 4–RC–3552).[4] A copy of this Decision and Direction of Election was received by plaintiffs' attorneys on April 29, 1958.[5] See Exhibit P–1. Thereafter, plaintiff union was notified by the respondent that a meeting would be held May 5, 1958, at the offices of the Fourth Regional Director, to effectuate the Board's direction. Plaintiff union declined to participate in this meeting, except to state its objections to the Board's authority to direct the election and the respondent's authority to hold the election, and to inform all in-

2. Approximately 400 of the 2,600 members of the Local attended and notice of the meeting had been mailed to all member shops. The usual attendance at Local 492 membership meetings had been 200 to 275.

3. The exact language of the preliminary injunction refers to "assets of Defendant Locals as of January 2, 1958," even though there were no locals named as defendants in that state court action. However, it is believed the court referred to the assets of intervening Local 492 (and the other similar locals which had disaffiliated who were involved in that action) on the ground that the assets held by it on January 2, 1958, were substantially the same assets that it had taken over from plaintiff in December 1957.

4. See Exhibit P–1, reported as 120 N.L.R.B. #21.

5. Although the hearing judge understands that lawyers are busy, the delay in filing this application for a preliminary injunction between April 29 and May 12 has put an undue burden on the court, in view of the necessity to take action prior to the election set for May 15. Complaints filed in this court are general in nature and need not be elaborate. Both counsel were very helpful in submitting Memoranda of Law to the hearing judge prior to the hearing held at 1:30 P.M. on May 14, 1958, so that the court had an opportunity to read many of the pertinent authorities prior to the hearing.

terested parties (other than the court) of the intention to bring this action.

■■ The election sought to be enjoined is merely an interlocutory step in the Board's administrative representation proceeding, with which this court cannot interfere. See International Union of Operating Engineers, A. F. of L., Local No. 148 v. International Union, etc., Local No. 2, 8 Cir., 1949, 173 F.2d 557, 559, and cases there cited. This court has held that it will not grant an injunction to restrain the Regional Director of the National Labor Relations Board from holding an election in accordance with a Decision and Direction of Election by the National Board. See Food Drivers, etc., Local No. 463 v. Schauffler, D.C.E.D.Pa.1948, 76 F.Supp. 1015, 1017; cf. Mechanics Educational Society of America v. Schauffler, D.C. E.D.Pa.1952, 103 F.Supp. 130.

The record before this court on the motion to dismiss (the Complaint and Exhibits P–1 and P–2) does not present a substantial Constitutional question, since (a) 2,183 of 2,600 members have signed cards disaffiliating from plaintiff and authorizing intervening Local 492 to represent them, (b) 2,107 of these members have signed the check-off cards of intervening Local 492, (c) 245 of the instant employer's average complement of 230–260 employees have signed cards disaffiliating from plaintiff and authorizing intervening Local 492 to represent them, (d) both unions have offices where they have meetings of the employees, (e) intervening Local 492 has taken over administration of the contract, processing grievances at weekly meetings of management, (f) plaintiff was given a hearing by the National Labor Relations Board on February 13 and 14, 1958, and (g) the National Labor Relations Board has found that a schism exists which warrants the holding of an election, despite the existence of a labor contract. (see Exhibit P–1).

■ The courts have consistently held that the "contract bar" rule is a procedural one which "the Board in its discretion may apply or waive as the facts of a given case may demand in the interest of stability and fairness in collective bargaining agreements." N. L. R. B. v. Grace Co., 8 Cir., 1950, 184 F.2d 126, 129; N. L. R. B. v. Libbey-Owens-Ford Glass Company, 4 Cir., 1957, 241 F.2d 831; cf. Inland Empire District Council, Lumber and Sawmill Workers Union v. Millis, 1945, 325 U.S. 697, 706–710, 65 S.Ct. 1316, 89 L.Ed. 1877. Also, the courts have held that contract rights may be abridged in labor matters in order to effectuate the Congressional policy behind the Labor Management Relations Act [6] and its predecessors. See J. I. Case Co. v. National Labor Relations Board, 1944, 321 U.S. 332, 64 S.Ct. 576, 88 L.Ed. 762.[7]

There is no evidence in the record that the assets of the union have been distributed by intervening Local 492 for its own advantage, as was true in Kearney & Trecker Corp. v. N. L. R. B., 7 Cir., 1954, 210 F.2d 852, certiorari denied. Kearney-Trecker Employees Local 1083, U. A. W.–C. I. O. v. N. L. R. B., 348 U.S. 824, 75 S.Ct. 38, 99 L.Ed. 649, relied on by plaintiffs.

For the reasons stated above, the motion to dismiss the action will be granted.[8]

---

6. See next-to-last sentence of 29 U.S.C.A. § 158.

7. The Board here has acted in accordance with the directions of Congress, contained in 29 U.S.C.A. § 159, and cases such as Leedom v. Kyne, 1957, 101 U.S. App.D.C. 398, 249 F.2d 490, certiorari granted, 1958, 355 U.S. 922, 78 S.Ct. 366, 2 L.Ed.2d 353, even if eventually upheld by the Supreme Court of the United States, are inapplicable since there is no violation of an express Congressional provision in this case. Cf. De Pratter v. Farmer, 1956, 98 U.S.App. D.C. 74, 232 F.2d 74.

8. Notice of the hearing judge's intention not to enjoin the election was given to the parties by phone at 8 P.M. on May 14, 1958. There is no need to rule on the admissibility of plaintiffs' Exhibits P–3 to P–7 and of plaintiffs' offer of proof in view of the order dismissing the action.